```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


SCOTT M. HOLMES,

                        Plaintiff,
                                              CIVIL ACTION
              vs.                             No. 05-3138-SAC

SAM CLINE, et al.,

                        Defendants.
```

**ORDER**

Plaintiff proceeds pro se and in forma pauperis on a complaint liberally construed by the court as seeking a writ of habeas corpus under 28 U.S.C. 2241 on allegations the Kansas Department of Corrections is not accurately computing his state sentence. By an order dated April 7, 2005, the court dismissed the action without prejudice, based upon plaintiff's failure to exhaust administrative and state court remedies.[1]

Before the court is plaintiff's re-submission of a pleading that copies much of his earlier filed complaint and motion for leave to proceed in forma pauperis. Plaintiff also provides (1) a copy of a letter dated March 28, 2005, regarding the computation of his sentence, (2) copies of grievances submitted

---

[1] The court further advised plaintiff that any claim for damages under 42 U.S.C. 1983 is barred until the alleged error in the revocation of plaintiff's parole and/or in the record of plaintiff's sentence was recognized and rectified. See Reed v. McKune, 298 F.3d 946, 953-54 (10th Cir. 2003)(citing Heck v. Humphrey, 512 U.S. 477 (1994)).

in December 2004 and January 2005 alleging error in the computation of his sentence, and (3) a copy of an administrative response from the Secretary of Corrections, dated February 2, 2005, finding plaintiff's consecutive sentences were properly aggregated under Kansas law.

The court liberally considers this pleading and attachments as plaintiff's request for relief from judgment, see Fed.R.Civ.P. 60(b),[2] and denies the motion.

Although plaintiff now documents full exhaustion of *administrative* remedies on his allegation of error in the execution of his sentence, full exhaustion of *state court* remedies is also required to seek relief under 28 U.S.C. 2241. *See* Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)(habeas petitioner is "generally required to exhaust state remedies whether his action is brought under Section 2241 or Section 2254"); Clonce v. Presley, 640 F.2d 271, 273-74 (10th Cir. 1981)(prisoner must "exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus").

Because plaintiff makes no showing that he pursued state court remedies on his allegations of error in the execution of

---

[2]Rule 60(b) provides in relevant part that "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... (1) mistake, inadvertence, surprise, or excusable neglect... or (6) any other reason justifying relief from the operation of the judgment."

his sentence, the court finds no showing has been made warranting relief from judgment.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for relief from judgment (Doc. 5) is denied.

**IT IS SO ORDERED.**

DATED:  This 29th day of June 2005 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge
